Kathy WEBB, Appellant,

v.

Kevin VOGA, Jonathon Cox, Matthew Kolodzie, Tammy Duke, Denise Tombaugh, Kristi Underwood, Sally Stone, and Glenbrook Owners Association, Inc., Appellees.

No. 05–09–00074–CV.

Court of Appeals of Texas, Dallas.

July 15, 2010.

Robert and Kathy Webb, McKinney, Timothy E. Baker, Law Office of Timothy E. Baker, Allen, for appellant.

R. Michael Northrup, Cowles & Thompson, P.C., Dallas, for appellee.

Before Justices MOSELEY, BRIDGES, and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

Appellant Kathy Webb (Webb) appeals the trial court's summary judgment in favor of appellees Kevin Voga, Jonathon Cox, Matthew Kolodzie, Tammy Duke, Denise Tombaugh, Kristi Underwood, Sally Stone, and Glenbrook Owners Association, Inc. We reverse the judgment as to Webb's causes of action and render judgment dismissing this case for lack of subject matter jurisdiction.

## Background

Appellee Glenbrook Owners Association, Inc. (the Association) is the Texas nonprofit corporation and the association defined in the Declaration of Covenants and Assessments and Amendments thereto for Glenbrook Estates (Covenants). Webb sued the Association and seven individual lot owners and members of the Association, appellees Voga, Cox, Kolodzie, Duke, Tombaugh, Underwood, and Stone (Lot Owners) in *Webb v. Voga*, Cause No. 219–00025–2008, 219th Judicial District Court, Collin County, Texas. Webb sought a declaratory judgment that the Association had abandoned and waived enforcement of the Covenants and sought to enjoin the Lot Owners' alleged continued violations of the Covenants.

Webb also sued the Association in county court in the case styled *Webb v. Glenbrook Owners Association, Inc.*, Cause No. 004–01016–2008, County Court at Law No. 4, Collin County, Texas. In that suit, Webb sought disclosure of information from the Association pursuant to section 207.003 of the property code.

The district court lawsuit and the county court lawsuit were consolidated in the district court lawsuit. The Association and the Lot Owners filed a traditional and a no-evidence motion for summary judgment. Without specifying the ground or grounds for granting the summary judgment, the trial court granted summary judgment in favor of appellees on Webb's causes of action. Webb appealed the final summary judgment.[1]

---

1. Robert Webb, Webb's husband, was not a party to Webb's suit against the Association pursuant to chapter 207 of the property code. In Webb's suit against the Association and the Lot Owners for declaratory and injunctive relief, Robert Webb was for the first time named as a plaintiff in the First Amended Petition filed shortly before submission of the Association's motion for summary judgment. Robert Webb filed a notice of appeal. However, appellees filed a motion to dismiss Robert Webb's appeal. Neither Robert Webb nor Webb filed a response to appellees' motion to dismiss Robert Webb's appeal. Further, Robert Webb did not file an appellate brief. At submission of the appeal, counsel for Robert Webb and Webb announced the waiver of the issue of Robert Webb's status as an appellant and stated that it was Webb's position that Robert Webb was not before this Court. Without deciding whether Robert Webb was a proper party in the underlying case, we dismissed Robert Webb's appeal for want of prosecution. *See* TEX.R.APP P. 38.8(a)(1) & 42.3(b); *see also West End API, Ltd. v. Rothpletz,* 732 S.W.2d 371, 373 (Tex.App.-Dallas

## Subject Matter Jurisdiction

Subject matter jurisdiction is an issue that may be raised for the first time on appeal and may not be waived by the parties. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Standing is a component of subject matter jurisdiction; therefore, standing cannot be waived and may be raised for the first time on appeal. *Id.; Tex. Lottery Comm'n v. Scientific Games Int'l, Inc.*, 99 S.W.3d 376, 380 (Tex.App.-Austin 2003, pet. denied). Moreover, we must ascertain that subject matter jurisdiction exists even if the parties have not questioned it. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 853–54 (Tex.2000).

We review the issue of standing de novo. *Scientific Games Int'l*, 99 S.W.3d at 380. Standing is generally a question of law determined from the pleadings. *West v. Brenntag Sw., Inc.*, 168 S.W.3d 327, 334 (Tex.App.-Texarkana 2005, pet. denied). When an appellate court sua sponte reviews standing of a party, the court construes the petition in favor of the party, and if necessary, reviews the entire record to determine if any evidence supports standing. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex.2000) (review of standing is not limited to pleadings when plaintiff required to prove jurisdiction facts).

Standing deals with whether a litigant is the proper person to bring a lawsuit. *Brenntag Sw.*, 168 S.W.3d at 334; *see also Gleason v. Taub*, 180 S.W.3d 711, 713 (Tex.App.-Fort Worth 2005, pet. denied) (without breach of legal right belonging to plaintiff, that plaintiff lacks standing.) To establish standing, one must show a justiciable interest by alleging an actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally. *Benker v. Tex. Dep't of Ins.*, 996 S.W.2d 328, 330 (Tex.App.-Austin 1999, no pet.); *see also Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). As stated by the United States Supreme Court, the question of standing is whether the party invoking jurisdiction has "a personal stake" in the outcome of the controversy. *Flast v. Cohen*, 392 U.S. 83, 101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Traditionally, courts have held that this "personal stake" must exist at the commencement of the litigation and continue throughout the lawsuit's existence. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). As to each of Webb's causes of action against the Association and her cause of action against the Lot Owners, Webb's ownership of property in Glenbrook Estates was critical to her standing to maintain her claims.

In her pleading against the Association and the Lot Owners, Webb stated that: she resides and owns property in a subdivision known as Glenbrook Estates; all of the real property referenced in her lawsuit is part of Glenbrook Estates and is subject to a mandatory homeowners association governed by the Association; and the Covenants proscribe "certain activities and uses among the owners of the real property in the Glenbrook Estates."

Webb sued the Association seeking a declaratory judgment that the Association waived or abandoned the right to enforcement of the Covenants. A declaratory judgment "requires a justiciable controversy as to the rights and status of parties actually before the court for adjudication, and the declaration sought must actually resolve the controversy." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64

1987, writ ref'd n.r.e) (relief not prayed for on appeal cannot be granted).

(Tex.2004). Texas courts do not have the authority to render judgments that merely constitute advisory opinions. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.,* 971 S.W.2d 439, 443 (Tex.1998). An opinion is advisory when the judgment sought would not constitute specific relief to a litigant or affect legal relations. *Brinkley v. Tex. Lottery Comm'n,* 986 S.W.2d 764, 767 (Tex.App.-Austin 1999, no pet.).

▪ Section 37.004 of the Uniform Declaratory Judgments Act provides that:

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 2008). The Covenants define "member" to "mean and refer to each Owner of a Lot" within Glenbrook Estates. "Owner" is defined as "the owner of record, whether one or more persons or entities, of fee simple title to any Lot." The Covenants provide that "[e]ach and every Owner shall automatically become a Member of the Association. Membership in the Association shall be appurtenant to and may not be separated from ownership of a Lot." *See Northglen Ass'n,* 141 S.W.3d at 162 (trial court had jurisdiction over declaratory judgment action by property owners against homeowners association). Accordingly, unless Webb is an owner of a lot within Glenbrook Estates, she does not have standing to seek a declaration whether the Association waived enforcement of certain Covenants.

▪ Webb alleged the Lot Owners violated the Covenants and she sought to enjoin them from continuing to violate the Covenants. "In Texas the law is well settled to the effect that in order to claim or enforce a restrictive covenant[2] on another's land, it is necessary for the party claiming the restriction to show its existence and further that it was for the benefit of his land." *McCart v. Cain,* 416 S.W.2d 463, 465 (Tex.Civ.App.-Fort Worth 1967, writ ref'd n.r.e.). "In every case where parties seek to enforce a restrictive covenant, the burden of proof is upon them to establish that the covenant was imposed on defendant's land for the benefit of land owned by them." *Reagan Nat'l Adver. of Austin, Inc. v. Capital Outdoors, Inc.,* 96 S.W.3d 490, 495 (Tex.App.-Austin 2002, pet. denied) (quoting *Davis v. Skipper,* 125 Tex. 364, 371, 83 S.W.2d 318, 321–22 (1935)). This means that, generally, an interested property owner may enforce a restrictive covenant, *Giles v. Cardenas,* 697 S.W.2d 422, 427 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.), and would have standing to bring suit to enforce deed restrictions. *Anderson v. New Prop. Owners' Ass'n of Newport,* 122 S.W.3d 378, 384–85 (Tex.App.-Texarkana 2003, pet. denied).

In her suit against the Association pursuant to chapter 207 of the property code, Webb alleged the Association was statutorily required to provide information she requested. *See Marauder Corp. v. Beall,* 301 S.W.3d 817, 820 (Tex.App.-Dallas 2009, no pet.) (party suing under statute must establish standing or right to make a claim under the statute). Section 207.003 pro-

---

**2.** "A 'restrictive covenant' is a negative covenant that limits permissible uses of land." *Voice of Cornerstone Church Corp. v. Pizza Property Partners,* 160 S.W.3d 657, 665 (Tex. App.-Austin 2005, no pet.).

vides a list of subdivision information that a property owners' association shall deliver to "the owner, owner's agent, or title insurance company or its agent" after a written request from "an owner, owner's agent or title insurance company or its agent acting on behalf of the owner." TEX. PROP. CODE ANN. § 207.003(a) (Vernon Supp. 2009). Section 207.001(3) defines "owner" to mean "a person who owns record title to property in a subdivision or the personal representative of an individual who owns record title to property in a subdivision." TEX. PROP.CODE ANN. § 207.001(3) (Vernon 2007).

We must determine whether Webb had standing as an owner of a Glenbrook Estates lot to confer subject matter jurisdiction over her causes of action. We review the entire record to determine if any evidence supports Webb's standing. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

Webb filed a motion for summary judgment on her chapter 207 claim against the Association. In her affidavit in support of her motion for summary judgment, Webb attested she "own[s] land which has a mandatory homeowners association." In response to Webb's motion for summary judgment, the Association asserted Webb's motion should be denied because, among other reasons, Webb is not named as an owner on the General Warranty Deed conveying the property she allegedly owned in Glenbrook Estates. The Association filed summary judgment evidence including the affidavit of Michael G. Oddo in which he attested, "The property at issue in this case is 17 Glenbrook Circle, Lucas, Texas. Kathy Webb is not named as an owner of the subject property on the General Warranty Deed conveying the property on August 26, 2004." Oddo's affidavit attached a copy of the recorded warranty deed conveying the property to Robert Webb.[3]

In appellees' verified First Amended Original Answer in Webb's suit for declaratory relief and injunction, the appellees raised the affirmative defense that Webb could not recover in the capacity in which she sued and that Webb is not the recorded owner of title to real property in Glenbrook Estates, a member of the Association's Board, or a person authorized or delegated the right to enforce deed restrictions within Glenbrook Estates. The record also contains the affidavit of Tombaugh, vice president and treasurer of the Association, in support of appellees' motion for summary judgment, in which Tombaugh attested to her personal knowledge that Robert Webb is the owner of the property in Glenbrook Estates purportedly owned by Webb.

The record contains no response from Webb to the challenges to her pleadings that she purportedly owns property in Glenbrook Estates. Webb did not raise further argument or evidence in support of her standing to bring these claims. The validity and operative effect of the warranty deed were unchallenged by Webb in the record. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555 (plaintiff did not dispute veracity of evidence produced by defendants and court took evidence as conclusive of certain essential facts).

Because Webb's standing to bring these actions is not readily apparent from the record, and because our jurisdiction as well as that of the trial court depends on that issue, we requested briefing from the parties on that issue. Webb filed a jurisdictional letter brief. Thereafter appellees filed a response contending Webb lacks standing.

We are unpersuaded by the arguments in the jurisdictional brief Webb filed with

---

3. The trial court denied Webb's motion for summary judgment.

this Court. Webb's contention that she had standing in a representative capacity for the record title owner is unfounded. Webb's suits as consolidated were brought in her individual capacity and not as a representative or fiduciary of the record title owner, and there is no pleading or evidence in the record to support a contention that Webb brought claims other than on her own behalf. Further, Webb acknowledges Robert Webb as the record owner of the property at all relevant times. In her jurisdictional brief, Webb alludes to deed records purporting to support her contention that she has standing to bring the claims she asserted against the Association and the Lot Owners. However, such purported documents are not in the record before this Court.

The evidence shows Webb was not a property owner. We conclude that Webb lacked standing for her causes of action against the Association and the Lot Owners and, therefore, the trial court lacked subject matter jurisdiction over those causes of action. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 445. If a judgment is void because the trial court lacked jurisdiction, we must vacate the judgment and dismiss the case. Tex.R.App. P. 43.2(e); *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985) (per curiam) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").

Accordingly, we reverse the trial court's judgment as to Webb's causes of action and render judgment dismissing this case for lack of subject matter jurisdiction.