Opinion filed July 12, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00265-CV

                                                    __________

 

                    JEFFREY
MANN AND GARY MANN, Appellants

                                                             V.

                                 HON.
E. LEE GABRIEL, Appellee



 

                                   On
Appeal from the 211th District Court

                                                           Denton
County, Texas

                                             Trial Court
Cause No. 2009-30383-211

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This is an appeal from a judgment dismissing pro se litigants’ claims against a
district judge on the basis of judicial immunity.  We affirm.

Background
Facts

            The
underlying action was instituted by Jeffrey Mann and Gary Mann.  They filed
suit on their own behalf and purportedly on behalf of the following alleged entities
and persons: The Health Center, Chiro-Plus Chiropractic, Noble Clinic and
Rehabilitation, The Health Center and Rehabilitation Clinic, J.C. Mann
Enterprises, Mark Dodson, Carol Criner, Betty Scott, and “1500 Known but
Unnamed Patients.”  We will collectively refer to all listed plaintiffs as
appellants.  Appellants sued several defendants, including Denton County, the
Denton County Sheriff’s Department, and the Hon. E. Lee Gabriel, former judge
of the 367th District Court in Denton County.[1]
 Appellants essentially contend that the defendants agreed to return seized
property to them but that the defendants subsequently failed to do so.

            Judge
Gabriel filed a motion to dismiss the claims against her on the basis of
judicial immunity.  The trial court initially considered the motion to dismiss
on November 24, 2009.  The trial court granted the motion to dismiss and
severed the cause of action against Judge Gabriel.  The severed cause of action
against Judge Gabriel was assigned trial court cause no. 2009-30383-211. 
Appellants subsequently asserted that they did not have notice of the hearing
conducted on November 24, 2009.  Based upon appellants’ contention, the trial
court set aside the judgment entered on November 24, 2009, and reconsidered the
motion to dismiss on December 29, 2009.  The trial court subsequently granted Judge
Gabriel’s motion to dismiss on December 29, 2009.  This appeal arises from the
final judgment entered in trial court cause no. 2009-30383-211.  Accordingly, Judge
Gabriel is the only appellee in this appeal.

Analysis

            In
their initial brief, appellants asserted three issues.  They subsequently
asserted an additional three issues in a “supplemental” brief that they filed
after filing a reply brief to Judge Gabriel’s brief.   In the interest of
judicial economy, we will consider all six issues presented by appellants
although the latter three were not included in the original brief.  See Howell
v. Tex. Workers’ Comp. Comm’n, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004,
pet. denied) (the rules of appellate procedure do not allow an appellant to
include in a reply brief a new issue not raised by appellant’s original brief).[2] 


            Appellants
assert numerous procedural issues in their six issues.  Their procedural
complaints include the alleged violation of local rules and the Texas Rules of
Civil Procedure concerning such matters as the scheduling of hearings,
conferring with opposing counsel, and presenting proposed orders to opposing
counsel and the trial court prior to hearing.  Appellants additionally complain
that the trial court was biased and prejudiced against them because it granted Judge
Gabriel’s motion to dismiss without considering the numerous motions and
requests that they presented to the trial court.  As set forth below, we
conclude that appellants’ procedural complaints are moot in light of the trial
court’s determination that it lacked subject-matter jurisdiction based upon Judge
Gabriel’s judicial immunity.

Subject-matter jurisdiction is essential for a court to have the authority to resolve
a case.  See Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999).
 Immunity from suit deprives a trial court of subject-matter jurisdiction.  Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).  Whether a trial court has subject-matter jurisdiction is a threshold inquiry that can
be addressed by the court sua sponte and at any time.  See In re G.S.G.,
145 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)).
 A trial court can make this inquiry and dismiss a case for lack of
subject-matter jurisdiction without the involvement of the parties.  See
Webb v. Voga, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.) (holding
that a court must ascertain subject-matter jurisdiction even if the parties
have not questioned it).  

There
are instances when an order entered without notice or a preliminary adversary hearing
does not offend due process.  Link v. Wabash R.R. Co., 370 U.S. 626, 632
(1962).  A party is not entitled to notice and an opportunity to respond when a
court dismisses a claim on the merits for lack of subject-matter jurisdiction.  Scholastic
Entm’t, Inc. v. Fox Entm’t Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003). 
In this regard, the determination of whether a trial court has subject-matter
jurisdiction focuses on the pleadings. Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  The plaintiff has the burden to
plead facts affirmatively showing that the trial court has jurisdiction.  Tex.
Ass’n of Bus., 852 S.W.2d at 446.  Accordingly, it is irrelevant that a
plaintiff does not have notice of a hearing to determine if the court has
subject-matter jurisdiction because notice would not alter the circumstances of
the matter under consideration, i.e., that the plaintiff failed to allege facts
and causes of action conferring jurisdiction on the court.  See Kimmel v.
Cooper, No. 03-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.—Austin Feb. 22,
2002, no pet.) (not designated for publication) (holding that a plaintiff’s due
process rights were not violated by the trial court’s granting of a plea to the
jurisdiction without giving the plaintiff notice of the hearing because a
hearing would not have changed the fact that the plaintiff’s pleadings failed
to allege facts waiving immunity).  The trial court’s judgment in this cause
expressly reflects that it was based upon the court’s review of the pleadings
on file rather than upon any evidence or argument presented at a hearing.  

The
relevant inquiry for this court is whether the trial court had jurisdiction
over appellants’ claims against Judge Gabriel.  Whether the trial court has
subject-matter jurisdiction is a question of law that we review de novo.  Miranda,
133 S.W.3d at 226; Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002).  We make this determination solely by reviewing
appellants’ pleadings without any deference to the trial court’s previous
rulings or reliance on any matter previously presented to the trial court. 
Accordingly, any procedural error below is irrelevant to our inquiry.  

A
judge acting in his or her official judicial capacity enjoys absolute immunity
from liability for judicial acts performed within the scope of jurisdiction.  Stump
v. Sparkman, 435 U.S. 349, 356–57 (1978); Davis v. Tarrant Cnty., Tex.,
565 F.3d 214, 221 (5th Cir. 2009); Turner v. Pruitt, 342 S.W.2d 422, 423
(Tex. 1961).  “Judges enjoy absolute judicial immunity from liability for
judicial acts, no matter how erroneous the act or how evil the motive, unless
the act is performed in the clear absence of all jurisdiction.”  Alpert v.
Gerstner, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(quoting City of Houston v. W. Capital Fin. Servs. Corp., 961 S.W.2d
687, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.)).  “A judge
will not be deprived of immunity because the action he took was in error, was
done maliciously, or was in excess of his authority; rather, he will be subject
to liability only when he has acted in the ‘clear absence of all
jurisdiction.’”  Stump, 435 U.S. at 356–57.

Appellants
essentially contend that Judge Gabriel caused damage to them by not enforcing
orders previously entered by the trial court for the return of their property. 
As such, appellants’ claims against Judge Gabriel are directed exclusively at Judge
Gabriel’s judicial functions.  Judicial immunity is absolute in this situation,
and thus no recovery against Judge Gabriel is possible. Therefore, appellants’
pleadings affirmatively negate jurisdiction over the claims against Judge
Gabriel.  The trial court did not err in granting Judge Gabriel’s motion to
dismiss for lack of subject-matter jurisdiction based upon judicial immunity,
and any complaint regarding procedural error below is rendered moot. 
Appellants’ six issues are overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

July 12, 2012                                                                           PER
CURIAM

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]This appeal was originally filed in the Second Court of
Appeals at Fort Worth.  Judge Gabriel currently serves as a justice on the
Second Court of Appeals.  As a result of her service on the Second Court of
Appeals, the court entered an order of disqualification and recusal wherein the
court acknowledged that Judge Gabriel was disqualified from participating in
this appeal.  Additionally, the remaining six justices recused themselves from
participating in the appeal.  In light of the disqualification and recusal, the
Texas Supreme Court transferred this appeal to the Eleventh Court of Appeals at
Eastland in Miscellaneous Docket Order No. 10-9149.

 





[2]We note that appellants did not seek permission from
the court to file a supplemental brief in this cause.  Tex. R. App. P. 38.7 provides that “[a] brief may be
amended or supplemented whenever justice requires, on whatever reasonable terms
the court may prescribe.”  The preferred practice would have been for
appellants to seek the court’s permission before filing a supplemental brief
containing additional issues.