**Opinion filed July 12, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00265-CV

_____

### JEFFREY MANN AND GARY MANN, Appellants
### V.
### HON. E. LEE GABRIEL, Appellee

**On Appeal from the 211th District Court**
**Denton County, Texas**
**Trial Court Cause No. 2009-30383-211**

## MEMORANDUM OPINION

This is an appeal from a judgment dismissing pro se litigants' claims against a district judge on the basis of judicial immunity. We affirm.

*Background Facts*

The underlying action was instituted by Jeffrey Mann and Gary Mann. They filed suit on their own behalf and purportedly on behalf of the following alleged entities and persons: The Health Center, Chiro-Plus Chiropractic, Noble Clinic and Rehabilitation, The Health Center and Rehabilitation Clinic, J.C. Mann Enterprises, Mark Dodson, Carol Criner, Betty Scott, and "1500 Known but Unnamed Patients." We will collectively refer to all listed plaintiffs as appellants. Appellants sued several defendants, including Denton County, the Denton County Sheriff's Department, and the Hon. E. Lee Gabriel, former judge of the 367th District Court in Denton

County.[1]  Appellants essentially contend that the defendants agreed to return seized property to them but that the defendants subsequently failed to do so.

Judge Gabriel filed a motion to dismiss the claims against her on the basis of judicial immunity.  The trial court initially considered the motion to dismiss on November 24, 2009.  The trial court granted the motion to dismiss and severed the cause of action against Judge Gabriel.  The severed cause of action against Judge Gabriel was assigned trial court cause no. 2009-30383-211.  Appellants subsequently asserted that they did not have notice of the hearing conducted on November 24, 2009.  Based upon appellants' contention, the trial court set aside the judgment entered on November 24, 2009, and reconsidered the motion to dismiss on December 29, 2009.  The trial court subsequently granted Judge Gabriel's motion to dismiss on December 29, 2009.  This appeal arises from the final judgment entered in trial court cause no. 2009-30383-211.  Accordingly, Judge Gabriel is the only appellee in this appeal.

*Analysis*

In their initial brief, appellants asserted three issues.  They subsequently asserted an additional three issues in a "supplemental" brief that they filed after filing a reply brief to Judge Gabriel's brief.   In the interest of judicial economy, we will consider all six issues presented by appellants although the latter three were not included in the original brief.  *See Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) (the rules of appellate procedure do not allow an appellant to include in a reply brief a new issue not raised by appellant's original brief).[2]

Appellants assert numerous procedural issues in their six issues.  Their procedural complaints include the alleged violation of local rules and the Texas Rules of Civil Procedure concerning such matters as the scheduling of hearings, conferring with opposing counsel, and presenting proposed orders to opposing counsel and the trial court prior to hearing.  Appellants additionally complain that the trial court was biased and prejudiced against them because it

---

[1]This appeal was originally filed in the Second Court of Appeals at Fort Worth.  Judge Gabriel currently serves as a justice on the Second Court of Appeals.  As a result of her service on the Second Court of Appeals, the court entered an order of disqualification and recusal wherein the court acknowledged that Judge Gabriel was disqualified from participating in this appeal.  Additionally, the remaining six justices recused themselves from participating in the appeal.  In light of the disqualification and recusal, the Texas Supreme Court transferred this appeal to the Eleventh Court of Appeals at Eastland in Miscellaneous Docket Order No. 10-9149.

[2]We note that appellants did not seek permission from the court to file a supplemental brief in this cause.  TEX. R. APP. P. 38.7 provides that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."  The preferred practice would have been for appellants to seek the court's permission before filing a supplemental brief containing additional issues.

granted Judge Gabriel's motion to dismiss without considering the numerous motions and requests that they presented to the trial court. As set forth below, we conclude that appellants' procedural complaints are moot in light of the trial court's determination that it lacked subject-matter jurisdiction based upon Judge Gabriel's judicial immunity.

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). Immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Whether a trial court has subject-matter jurisdiction is a threshold inquiry that can be addressed by the court sua sponte and at any time. *See In re G.S.G.*, 145 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). A trial court can make this inquiry and dismiss a case for lack of subject-matter jurisdiction without the involvement of the parties. *See Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.) (holding that a court must ascertain subject-matter jurisdiction even if the parties have not questioned it).

There are instances when an order entered without notice or a preliminary adversary hearing does not offend due process. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). A party is not entitled to notice and an opportunity to respond when a court dismisses a claim on the merits for lack of subject-matter jurisdiction. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). In this regard, the determination of whether a trial court has subject-matter jurisdiction focuses on the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Accordingly, it is irrelevant that a plaintiff does not have notice of a hearing to determine if the court has subject-matter jurisdiction because notice would not alter the circumstances of the matter under consideration, i.e., that the plaintiff failed to allege facts and causes of action conferring jurisdiction on the court. *See Kimmel v. Cooper*, No. 03-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.—Austin Feb. 22, 2002, no pet.) (not designated for publication) (holding that a plaintiff's due process rights were not violated by the trial court's granting of a plea to the jurisdiction without giving the plaintiff notice of the hearing because a hearing would not have changed the fact that the plaintiff's pleadings failed to allege facts waiving immunity). The trial court's judgment in this cause expressly reflects that it was based upon the court's review of the pleadings on file rather than upon any evidence or argument presented at a hearing.

The relevant inquiry for this court is whether the trial court had jurisdiction over appellants' claims against Judge Gabriel. Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226; *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We make this determination solely by reviewing appellants' pleadings without any deference to the trial court's previous rulings or reliance on any matter previously presented to the trial court. Accordingly, any procedural error below is irrelevant to our inquiry.

A judge acting in his or her official judicial capacity enjoys absolute immunity from liability for judicial acts performed within the scope of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009); *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). "Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction." *Alpert v. Gerstner*, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *City of Houston v. W. Capital Fin. Servs. Corp.*, 961 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57.

Appellants essentially contend that Judge Gabriel caused damage to them by not enforcing orders previously entered by the trial court for the return of their property. As such, appellants' claims against Judge Gabriel are directed exclusively at Judge Gabriel's judicial functions. Judicial immunity is absolute in this situation, and thus no recovery against Judge Gabriel is possible. Therefore, appellants' pleadings affirmatively negate jurisdiction over the claims against Judge Gabriel. The trial court did not err in granting Judge Gabriel's motion to dismiss for lack of subject-matter jurisdiction based upon judicial immunity, and any complaint regarding procedural error below is rendered moot. Appellants' six issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

July 12, 2012                                    PER CURIAM

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4