**AFFIRM; and Opinion Filed September 20, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01251-CV

## PATRICIA SHAW, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DELOIS SHAW, Appellant

### V.

## DAYBREAK, INC., WESTBRIDGE NURSING & REHABILITATION, AND TRACY WAYMIRE, Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00603**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Lang-Miers

Appellant Patricia Shaw, as personal representative of the estate of Delois Shaw, appeals

the trial court's judgment. In three issues, Patricia[1] argues that the trial court erred in granting

partial summary judgment on the ground that she had no standing individually to pursue the

claims in this lawsuit, the trial court erred in dismissing the lawsuit for failure to serve an expert

report in a health care liability claim, and she had inadequate notice of the hearing on the motion

to dismiss. We affirm.

---

[1] For clarity, we refer to Patricia Shaw and Delois Shaw by their first names.

## BACKGROUND

Delois Shaw and Patricia Shaw, appearing pro se, sued appellees Daybreak, Inc., Westbridge Nursing & Rehabilitation, and Tracy Waymire (Daybreak Parties) for allegedly improperly transferring Delois as a patient to Westbridge without authorization, illegally possessing Delois's social security check, and causing Delois to suffer injuries while at Westbridge. Delois and Patricia asserted claims of abuse of the elderly (financial), breach of contract rights of the elderly, fraudulent inducement of contract, fraud, fraud by nondisclosure, statutory fraud, deceptive trade practices, conversion, vicarious liability-respondeat superior, vicarious liability-corporate veil, conspiracy, and gross medical negligence.

The Daybreak Parties filed a traditional motion for summary judgment against Patricia Shaw's claims on the ground that she did not have standing to assert the claims. The trial court granted the motion for summary judgment and dismissed all of Patricia's claims against the Daybreak Parties and also ordered that the summary judgment did not affect any claims made by Delois.

Patricia then filed a first amended petition as personal representative of Delois alleging that Delois "succumbed to the injury" and had died. The Daybreak Parties moved to dismiss for failure to file an expert report in a health care liability claim under Chapter 74 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West Supp. 2016). Patricia responded that the lawsuit did not include a health care liability claim and that she provided a "Letter of Demand with the expert report, and invoices of financial liabilities, etc., before the filing of the Original Petition[.]"

The trial court granted the Daybreak Parties' motion to dismiss Patricia's claims with prejudice. Patricia then filed this appeal.[2]

## STANDING

In her first issue, Patricia argues that the trial court erred in granting a partial summary judgment dismissing her claims on the ground that she did not have standing individually to pursue the claims for injuries to Delois.

### Applicable Law and Standard of Review

The legal doctrine of standing concerns whether a party is the proper person to bring a lawsuit. *Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.). The general test for standing in Texas requires that there is a real controversy between the parties that will actually be determined by the judicial declaration sought. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). "[T]he standing inquiry begins with the plaintiff's alleged injury." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012). "The determination of whether a plaintiff possesses standing to assert a particular claim depends on the facts pleaded and the cause of action asserted." *Aubrey v. Aubrey*, 523 S.W.3d 299, 311 (Tex. App.—Dallas 2017, no pet.) (quoting *Mazon Assocs., Inc. v. Comerica Bank*, 195 S.W.3d 800, 803 (Tex. App.—Dallas 2006, no pet.)). "The plaintiff must be *personally* injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." *Heckman*, 369 S.W.3d at 155. The standing inquiry requires careful judicial examination of a complaint's allegations to determine whether the particular party is entitled to an adjudication of the particular claims asserted. *Id.* at 156.

---

[2] This Court directed Patricia to file an amended brief complying with the rules of appellate procedure. We granted Patricia's motion to extend time to file an amended brief by February 7, 2017, but she did not file an amended brief by that date. This Court then ordered the appeal submitted based on the briefs filed with this Court by Patricia and the Daybreak Parties. Based on our disposition, we do not address the Daybreak Parties' arguments that Patricia waived her issues on appeal by not complying with briefing requirements in the rules of appellate procedure. *See* TEX. R. APP. P. 47.1.

We review a trial court's grant of summary judgment de novo. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). The movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017). When we review a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The record does not contain a response by Patricia and Delois to the Daybreak Parties' motion for summary judgment. Although a nonmovant need not respond to a motion for summary judgment, the failure to file a response limits the issues that the nonmovant may assert on appeal. *Analytical Tech. Consultants, Inc. v. Axis Capital, Inc.*, No. 05-16-00281-CV, 2017 WL 2628087, at *2 (Tex. App.—Dallas June 19, 2017, no pet.) (mem. op.). Because Patricia and Delois did not file a response to the motion for summary judgment, they can only challenge on appeal the legal sufficiency of the grounds presented by the Daybreak Parties. *Id.*; *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

### Arguments of the Parties

Patricia argues that she was the "sole caregiver" for her mother, Delois, that Delois had entrusted her with "a fiduciary duty" through both a medical power of attorney and durable power of attorney, and that she is "the party of heirship" to Delois. Patricia contends that, when the Daybreak Parties "wrongfully admitted" Delois into their facility "without the permission or knowledge of Patricia Shaw," Daybreak "abused" Delois and "sought to undermine the integrity of the established relationship of Patricia A. Shaw." Patricia also argues that, when the Daybreak Parties "illegally took possession of" Delois's social security check, they "directly impacted" Patricia's fiduciary obligations and caused "economic depravity" to Patricia "in both

her financial and personal affairs[.]" And Patricia argues that—after Delois fractured her vertebrae while at Westbridge—Patricia "exert[ed]" "24-hour care" that was "solely" her "duty" and caused her "economic depravity[.]"

The Daybreak Parties argue that the trial court did not err in granting their motion for summary judgment because Patricia lacked standing to assert the claims alleged in the original petition. They contend that Patricia did not plead any concrete, personal injury separate and apart from the injuries allegedly sustained by her mother Delois. The Daybreak Parties argue that Patricia's sole argument on appeal appears to be that their actions "sought to undermine the integrity of the established relationship of Patricia A. Shaw" and "directly impacted the fiduciary obligations of Patricia Shaw." They contend that Patricia makes these arguments for the first time on appeal and that, because they were not in the original petition—the pleading considered by the trial court at the time that it determined the motion for summary judgment—Patricia's contentions are "meritless." The Daybreak Parties also argue that the complaints in the original petition do not give Patricia constitutional standing because they all concern injuries suffered by Delois, not concrete, personal injuries that Patricia suffered.

**Analysis**

The trial court determines a motion for summary judgment based on the "pleadings . . . on file at the time of the hearing[.]" TEX. R. CIV. P. 166a(c); *see Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 361 (Tex. App.—Dallas 2009, pet. denied). Patricia and Delois's original petition was their pleading on file at the time of the hearing. The original petition does not allege the individual injuries Patricia claims on appeal. Although the prayer in the petition requests that a judgment include $5,000 for "Patricia A. Shaw—Agent Fee's" [sic] and $39,000 for "Home Health Care[,]" the claims in the original petition concern the economic and physical injuries that Delois suffered. Because Patricia did not plead her individual claims in

the original petition, she may not now urge these claims and supporting arguments on appeal. *See Arnold v. Life Partners, Inc.*, 416 S.W.3d 577, 591 (Tex. App.—Dallas 2013), *aff'd*, 464 S.W.3d 660, 662 (Tex. 2015) (concluding that, where appellants contesting grant of summary judgment "never pleaded" an argument "as they do in their brief," one of the appellants "may not now urge this argument on appeal"). Because Patricia did not plead any purported injuries to herself separate from those suffered by Delois, Patricia lacked standing to assert the claims in the original petition. *See Courtade v. Gloria Lopez Estrada Family Trust*, No. 02-14-00295-CV, 2016 WL 1164159, at \*7 (Tex. App.—Fort Worth Jun. 9, 2016, no pet.) (mem. op.) (concluding that daughter who had "only pleaded facts demonstrating a purported injury to" her mother, and not to the daughter herself, lacked standing to assert counterclaim). We conclude that the trial court did not err in granting partial summary judgment in favor of the Daybreak Parties. We overrule Patricia's first issue.

### EXPERT REPORT

In her second issue, Patricia argues that this Court should reverse the trial court's order to dismiss for failure to submit an expert report in compliance with section 74.351 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. She argues that she provided an expert report in compliance with the statute. In her third issue, she argues that she did not receive notice of the hearing on the motion to dismiss.[3]

---

[3] The Daybreak Parties state that Patricia also argues that her claims are not healthcare liability claims. Patricia does not state this argument in her brief so we do not address it. *See* TEX. R. APP. P. 47.1.

**Filing of Expert Report**

*Applicable Law and Standard of Review*

When asserting a health care liability claim, a claimant must comply with Chapter 74 of the civil practice and remedies code. *Stockton v. Offenbach*, 336 S.W.3d 610, 614 (Tex. 2011). Section 74.351 provides that, within 120 days after each defendant's original answer is filed, a claimant shall serve an expert report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). And section 74.351 defines "expert report" as:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6).

The statute also provides that, if an expert report has not been timely served on a defendant physician or health care provider, the court, on motion by the defendant physician or health care provider, shall enter an order that "dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." *Id.* § 74.351(b).[4]

We review a trial court's decision on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *King v. Cirillo*, 233 S.W.3d 437, 439 (Tex. App.—Dallas 2007, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Methodist Hosps. of Dallas v. Winn*, 496 S.W.3d 148, 150 (Tex. App.—Dallas 2016, no pet.). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Id.*

---

[4] Section 74.351(b) also provides that the court's order shall award reasonable attorney's fees and costs to the affected physician or health care provider. *Id.*

*Arguments of the Parties*

Patricia argues that "the 74.351 rule had been adhered and submitted in the Letter of Demand sent to the registered agent." She contends that the trial court "had no knowledge as to the Defendant receiving the 'Expert Report', prior the filing of the [] petition." And Patricia argues that the "demand letter, along with the 'Expert Report' and all liabilities, to include government documentation were mailed in an attempt to avoid a court setting."

The Daybreak Parties argue that Patricia did not serve an expert report as required by Chapter 74, and as a result, dismissal was mandatory. They contend that there is nothing in the record to support Patricia's contention that she served them with an expert report under Chapter 74. Alternatively, the Daybreak Parties argue that any documents that Patricia served or produced do not qualify as an "expert report" as defined by Chapter 74.

*Analysis*

In her appellate brief, Patricia does not identify where in the record we can find the "Letter of Demand" that she argues satisfied the requirements for an expert report under Chapter 74. In her response in the trial court to the Daybreak Parties' motion to dismiss for failure to serve an expert report, she cites exhibit C to the response to support her contention that she provided—by e-mail and by certified mail—a "legal Letter of Demand with the expert report, and invoices of financial liabilities, etc." But exhibit C to her response does not include a letter of demand, but solely includes a "Domestic Return Receipt" card for mail directed to Amarillo Corporate Services, which is the registered agent for the Daybreak Parties. The only other possibly relevant documents in the record are a notification of receipt of application for Medicaid assistance by Delois directed to Westbridge, portions of a mailing to Delois reflecting her outpatient claims covered by Medicare, and Delois's medical bills from CareFlite. These documents do not "provide a fair summary of the expert's opinions" concerning "applicable

standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards," and "the causal relationship" between that failure and the claimed injury, harm, or damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). We conclude that these documents do not constitute an "expert report" and, as a result, we conclude that the record does not reflect that Patricia served an expert report on the Daybreak Parties in compliance with section 74.351. *See id.* § 74.351; *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011) (holding that "a document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit"). Because Patricia failed to submit an expert report as required by Chapter 74, the trial court properly dismissed her claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (providing that when "an expert report has not been served within" the specified period, the court shall dismiss the claim with prejudice).

Because we conclude that Patricia did not serve an expert report, we also conclude that Patricia's argument that the Daybreak Parties had a duty to file and serve their objections to her expert report no later than twenty-one days after the report was served does not apply. *See id.* § 74.351(a) (requiring physician or health care provider "whose conduct is implicated in a report" to file and serve any objection to the sufficiency of the report within twenty-one days "after the date the report is served" or after the defendant's answer is filed); *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007) (describing the requirement for a physician or health care provider to file and serve objections to a report within twenty-one days to apply "if a report is served").

We overrule Patricia's second issue.

## Service

### *Applicable Law*

The law presumes that a trial court hears a case only after proper notice to the parties. *Davis v. Davis*, No. 05-12-00257-CV, 2013 WL 1896194, at *1 (Tex. App.—Dallas May 6, 2013, no pet.) (mem. op). To overcome this presumption, the appellant must affirmatively show lack of notice. *Id.*; *see Trevino v. Gonzales*, 749 S.W.2d 221, 223 (Tex. App.—San Antonio 1988, writ denied) (stating lack of notice must be demonstrated and to overcome the presumption of proper notice "the record must affirmatively show by undisputed evidence lack of notice of the setting").

### *Arguments of the Parties*

Patricia argues that she did not receive notice of the hearing on the motion to dismiss. She contends that she did not have knowledge of the hearing date and was not present at the hearing.[5] She also argues that "defendant should have known that" she "did not know of the date, as the Postal Services had returned the mail undeliverable, as told to Patricia Shaw, by the assistant Joyce in the office of" the Daybreak Parties' attorney. Patricia also states that "[i]t is thus surmised that the mail was a part of a mix up in delivery."

The Daybreak Parties argue that Patricia had adequate notice of the hearing on the motion to dismiss. They contend that the notice was filed and served electronically and that electronic service is an adequate method of service under rule 21a of the rules of civil procedure. *See* TEX. R. CIV. P. 21a(a). The Daybreak Parties also contend that "the only recitation in the record" regarding notice to Patricia was in the trial court's order granting the motion to dismiss, which stated: "Plaintiff had adequate notice of the hearing."

---

[5] Patricia contends that the assistant to the Daybreak Parties counsel called her to let her know that a hearing would take place and "allowed Patricia Shaw an hour to appear." She states that she appeared about five minutes after the trial court ruled in favor of the Daybreak Parties.

*Analysis*

Patricia does not discuss or cite to any evidence in the record that supports her contention that she did not have adequate notice of the hearing. The order of dismissal states, "Plaintiff did not appear" at the hearing and "[t]he Court determined that Plaintiff had adequate notice of the hearing." The record also contains the notice that the hearing on the motion to dismiss would take place on September 19, 2016. The notice reflects that it was filed with the Dallas County clerk on August 16, 2016. The notice also contains a certification by the Daybreak Parties' attorney that she electronically filed the document with the trial court's clerk on August 16, 2016 and that the electronic case filing system would send the "Notice of Electronic Filing" to Patricia electronically and by certified mail. The certification also states that Patricia "ha[d] consented in writing to accept this Notice as service of this document by electronic means[.]" We conclude that Patricia has not affirmatively shown lack of notice. *See Davis*, 2013 WL 1896194, at *1 (concluding plaintiff did not overcome presumption of proper notice where he "relie[d] on a silent record and ma[de] only bare assertions in his brief"). We overrule Patricia's third issue.

## CONCLUSION

We overrule Patricia's three issues and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

161251F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA A. SHAW, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DELOIS SHAW, Appellant

No. 05-16-01251-CV     V.

DAYBREAK, INC., WESTBRIDGE
NURSING & REHABILITATION, AND
TRACY WAYMIRE, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-00603.
Opinion delivered by Justice Lang-Miers,
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 20th day of September, 2017.