**DENY and Opinion Filed April 12, 2023**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00747-CV

**CANADIAN REAL ESTATE HOLDINGS, LP, Appellant**
**V.**
**KAREN F. NEWTON REVOCABLE TRUST, ET AL., Appellees**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-02588-2019**

## SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

Before Justices Pedersen, III, Goldstein, and Smith
Supplemental Opinion by Justice Pedersen, III

Appellant Canadian Real Estate Holdings, Inc. has filed a motion for rehearing in this case. We deny the motion. The trial court did not err by granting appellant's plea to the jurisdiction on the mootness ground below or by awarding attorney's fees to appellees.

We supplement our opinion only to clarify that by affirming the trial court on the mootness ground—the single and sufficient ground on which the trial court ruled—we have not "waived" the issue of subject matter jurisdiction as appellant contends. All three jurisdictional components challenged by appellant in its plea to

the jurisdiction are necessary: an actual case or controversy, ripeness, and standing. Accordingly, as the Texas Supreme Court has recently stated, "[j]ust one valid jurisdictional obstacle is enough for the court to halt further proceedings." *Rattray v. City of Brownsville*, No. 20-0975, 2023 WL 2438952, at *5 (Tex. Mar. 10, 2023) (discussing subject matter jurisdiction under the Texas Tort Claim Act). The court continued:

> The fundamental rule is that the court may not reach the merits if it finds a single valid basis to defeat jurisdiction. When one such ground exists, it is not necessary that *every other* potential jurisdictional defect be raised, fleshed out, or resolved at the outset. When defendants challenge jurisdiction on multiple grounds, courts are therefore not duty-bound to address them all if any one of them warrants dismissal.

*Id.* (emphasis original). And as to the order of addressing jurisdictional grounds when more than one is urged by a defendant, the *Rattray* court cites the United States Supreme Court with approval to assert that the trial court may make that choice. *See id.* (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (describing courts' "leeway to choose among threshold grounds for denying audience to a case on the merits" (internal quotations omitted))).

As our original opinion stated, the only reason to rule on ripeness and standing once we have concluded the trial court lacked jurisdiction on the mootness ground would be the interest of judicial economy. To that single end, we conclude that appellees indeed had standing when they filed this action. *See Webb v. Voga*, 316 S.W.3d 809, 813 (Tex. App.—Dallas 2010, no pet.) (generally interested property owner may enforce restrictive covenant and would have standing to bring suit to

enforce deed restrictions). We conclude further that appellees' claims were ripe at that time. *See Noell v. Air Park Homeowners Ass'n, Inc.*, 246 S.W.3d 827, 832 (Tex. App.—Dallas 2008, pet. denied) (for justiciable controversy, fact situation must manifest only ripening seeds of controversy, which appear where claims of several parties are present and indicative of threatened litigation, even though differences between parties as to rights have not reached state of actual controversy).

We deny appellant's motion for rehearing.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

200747SF.P05