**AFFIRMED; DENIED and Opinion Filed May 6, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-20-00734-CV
_____

## CHARLES RILEY CONSTANT, Appellant

## V.

## GEORGE GILLESPIE, PETER HENRICKSON, AND IRA SHAPIRO, TRUSTEE, IRA SHAPIRO FAMILY TRUST (2012), Appellees

## and

## IN RE GEORGE GILLESPIE, PETER HENRICKSON, AND IRA SHAPIRO, TRUSTEE, IRA SHAPIRO FAMILY TRUST (2012), Relators

---

**On Appeal and Original Proceeding from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-09846**

---

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

This is a consolidated interlocutory appeal and original proceeding. In the interlocutory appeal, appellant/real party in interest Charles Riley Constant (Constant) raises two issues challenging the trial court's denial of Constant's requests to compel the claims against him to arbitration. We conclude that the trial

court did not abuse its discretion by denying Constant's requests to compel arbitration. As a matter of law, Constant's attachment of unauthenticated documents containing arbitration provisions as exhibits to his motions, without more, was insufficient to meet his initial burden to prove the existence of a valid, enforceable arbitration agreement. In a third issue, Constant challenges appellees'/relators' standing to assert various claims based on an argument that the claims at issue "belong to the corporation." We conclude that Constant's argument concerns capacity, not standing, and overrule his third issue.

In their petition for writ of mandamus, appellees/relators George Gillespie (Gillespie), Peter Henrikson (Henrikson), and Ira Shapiro, Trustee, Ira Shapiro Family Trust (2012) (Shapiro) challenge the trial court's order compelling Henrikson and Shapiro to arbitrate their disputes with real party in interest Constant Wealth Management, LLC (CWM). Appellees/relators also challenge a trial court's order concerning various discovery matters. With respect to the arbitration order, we conclude that appellees/relators have failed to demonstrate an inadequate remedy by appeal. We respect to the trial court's discovery order, we conclude that appellees/relators have failed to demonstrate a clear abuse of discretion by the trial court. Accordingly, we deny the petition for writ of mandamus.

## BACKGROUND

In July 2019, Gillespie, Henrikson, and Shapiro filed suit against Constant, Snake River Assets, LLC (Snake River), and CWM. In their verified original

petition, appellees/relators alleged that Constant was an investment advisory representative and a director of CWM and that CWM was a registered investment advisor. Generally, their allegations concerned Constant's alleged solicitation of appellees'/relators' investment in an entity that Constant had formed: Phoenix Aviation Group, Limited (Phoenix), a company organized under the laws of England and Wales. Appellees/relators alleged, among other things, that Constant had made various misrepresentations and omissions in connection with their initial investments in Phoenix and that he then had made additional misrepresentations and omissions concerning the status of their investments, including the identities of the entities (such as Snake River) in which appellees/relators held an interest. Henrikson further alleged a dispute with Constant concerning alleged misrepresentations and omissions that Constant had made in connection with his convincing Henrikson to terminate his employment with a former employer to come work for Phoenix.

Appellees/relators asserted claims for violations of the Texas Securities Act, fraud, civil theft, and declaratory judgment against Constant, CWM, and/or Snake River. Henrikson and Shapiro also asserted a claim for breach of fiduciary duty against Constant and CWM. Appellees/relators initially requested rescission of their purchases of Phoenix shares and various forms of injunctive relief, but they later filed an amended petition dropping these requests.

In October 2019, Constant and CWM filed a Motion to Dismiss and Compel Arbitration. They argued that appellees'/relators' claims lacked any basis in fact and

–3–

law and requested dismissal pursuant to Texas Rule of Civil Procedure 91a. The motion was based on three arguments: arbitration, release, and standing. With respect to arbitration, Constant and CWM argued that appellees'/relators' claims had no basis in law or fact because they were subject to an arbitration agreement and, therefore, the trial court lacked jurisdiction. Constant and CWM made their arguments regarding arbitration in five sentences. In one of those sentences, they stated: "Arbitration must be compelled."[1] Constant and CWM attached as Exhibits 1 and 2 to the motion two documents entitled "Investment Advisory Agreement" that each contained an arbitration provision. The motion was not verified or supported by any affidavits.

On November 8, 2019, after appellees/relators filed a response, the trial court held a hearing on the motion. The hearing was not transcribed. The record reflects that on November 20, 2019, the trial court signed an order denying the motion to dismiss.

On December 27, 2019, Constant and CWM filed a Supplemental Motion to Dismiss and Compel Arbitration. In this supplemental motion, Constant and CWM requested that the trial court compel the parties to arbitrate pursuant to two different purported arbitration agreements: a purported Investment Advisory Agreement and a purported Subscription Agreement. To support their supplemental motion, they

---

[1] We assume without deciding that the substance of this motion asked the trial court to compel arbitration and did not merely request dismissal pursuant to rule 91a.

referred to the exhibits that they had attached to their previously filed motion to dismiss.[2] They also attached various documents to their supplemental motion as Exhibits D, E, and F (there were no Exhibits A, B, or C). In addition to other documents, those exhibits included various copies of a document entitled "Subscription Agreement" that contained an arbitration provision. The supplemental motion was not verified or supported by any affidavits.

On June 8, 2020, appellees/relators filed both their amended petition and their response to the Supplemental Motion to Dismiss and Compel Arbitration. The following day, Constant and CWM filed a reply.

On June 10, 2020, the trial court held a hearing on, among other things, the original motion and the supplemental motion to dismiss and compel arbitration.[3] This hearing was transcribed. The reporter's record reflects that no testimony was taken and no exhibits were offered into evidence at this hearing.

On August 6, 2020, the trial court signed an "Order Regarding Defendant Constants' Motion to Compel Arbitration, Plaintiffs' Special Exception[,] and

---

[2] Constant and CWM stated: "The Investment Advisory Agreements (the 'IA Agreements') are attached to the Motion to Compel Arbitration filed on October 7, 2019, as **Exhibits A**, **B**[,] and **C**, respectively." We assume that Constant and CWM were referring to Exhibits 1 and 2 to the original motion to dismiss. Exhibit 3 to the original motion to dismiss was a document entitled Separation Agreement and Release and is not relevant to this appeal. In the body of the supplemental motion, Constant and CWM also stated: "A true and correct copy of the IA Agreements are attached hereto as **Exhibits A**, **B**, and **C**, respectively." But Constant and CWM did not attach any Exhibits A, B, or C to the supplemental motion.

[3] Constant contends that the trial court "continued" the November 2019 hearing on his original motion to compel arbitration until it was heard again in June 2020. The record reflects that his notice of hearing stated that both the original motion and the supplemental motion would be heard on June 10, 2020.

Staying/Abating the Proceedings" (the Arbitration Order). In the Arbitration Order, the trial court ordered the dispute between Henrikson and CWM and the dispute between Shapiro and CWM to arbitration. The trial court denied the motion to compel arbitration as to the dispute, claims, and causes of action by and between (1) Gillespie and Constant and CWM, (2) Henrikson and Constant, and (3) Shapiro and Constant. The trial court also stayed the proceedings as to any dispute between the parties, claims, and causes of action to the extent the order did not compel arbitration. The trial court did not state the basis for its rulings.

Constant timely filed this interlocutory appeal. Just over two weeks later, Gillespie, Henrikson, and Shapiro filed a petition for writ of mandamus, asking this Court to compel the trial court (1) to set aside a discovery order dated August 6, 2020, and order certain subpoenaed bank records to be produced to appellees/relators and (2) to set aside the portion of the Arbitration Order that compels Henrikson and Shapiro to arbitration with CWM.

By order dated September 25, 2020, we consolidated cause number 05-20-00778-CV, the original mandamus proceeding, into cause number 05-20-00734-CV, the interlocutory appeal.

## INTERLOCUTORY APPEAL

In two issues, Constant challenges the portion of the trial court's Arbitration Order denying his requests to compel the claims against him to arbitration. In a third issue, he challenges whether appellees/relators have standing to assert their claims

–6–

for civil theft, fraud, and breach of fiduciary duty. We resolve each issue against Constant.

We will address Constant's third issue first because it concerns jurisdiction. Constant challenges appellees'/relators' standing to assert their claims for civil theft, fraud, and breach of fiduciary duty. We resolve this issue against Constant.

Standing is a component of subject-matter jurisdiction. *Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.). Standing cannot be waived and may be raised for the first time on appeal. *Id.*; *see also In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (original proceeding) (per curiam) ("We have recognized that issues affecting subject-matter jurisdiction . . . [may be] raised for the first time on appeal, including interlocutory appeal."). "In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018).

In this case, Constant contends that appellees'/relators' causes of action for civil theft, fraud, and breach of fiduciary duty "belong to the corporation." He argues that individual shareholders have no independent right of action for injuries suffered by a corporation that merely result in the depreciation of stock and that appellees/relators "must bring the suit derivatively in the name of the corporation"

to "recover for wrongs [d]one to the corporation." Constant does not specify what "corporation" he is referring to in his brief.

Regardless, Constant's argument is without merit. Even if we assume without deciding that appellees'/relators' claims for civil theft, fraud, and breach of fiduciary duty are based, in whole or in part, on wrongs done to a corporation or similar business organization in which they are stakeholders, their ability to assert a claim to recover for those wrongs concerns capacity, not standing. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 778 (Tex. 2020) ("[W]e hold that a partner or other stakeholder in a business organization has constitutional standing to sue for an alleged loss in the value of its interest in the organization."). We overrule Constant's third issue.

## ARBITRATION ORDER

In his first two issues, Constant challenges the portion of the Arbitration Order denying Constant's requests to compel the claims against him to arbitration. Each issue concerns whether he, as a nonsignatory, may enforce an arbitration provision in either the purported Investment Advisory Agreement (issue one) or the purported Subscription Agreement (issue two) (together, the Purported Agreements). Constant argues that the trial court erred by denying his motion to compel because the trial court refused to apply agency, intertwined-claims, and estoppel theories to permit a nonsignatory to enforce arbitration under the Purported Agreements. He further

contends that the causes of action against him are within the scope of the arbitration provisions in the Purported Agreements.

After reviewing the record, we conclude that the trial court did not abuse its discretion by denying Constant's motion to compel arbitration. As a matter of law, Constant's attachment of unauthenticated exhibits to his motion and supplemental motion, without more, was insufficient to meet his initial evidentiary burden to prove the existence of a valid, enforceable arbitration agreement, regardless of whether he may enforce any such purported arbitration agreement as a nonsignatory.

## A.   Overview of Evidentiary Burdens on a Motion to Compel Arbitration and Standard of Review

A party seeking to compel arbitration must establish two things: (1) the existence of a valid, enforceable arbitration agreement and (2) that the disputed claim falls within the scope of that agreement. *See Wagner v. Apache Corp.*, 627 S.W.3d 277, 282 (Tex. 2021). When deciding whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration. *Emery v. Hilltop Sec., Inc.*, No. 05-18-00697-CV, 2019 WL 4010775, at *5 (Tex. App.—Dallas Aug. 26, 2019, no pet.) (mem. op.). Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.—Dallas 2013, no pet.).

After the party seeking to compel arbitration satisfies its initial evidentiary burden, the burden then shifts to the party seeking to avoid arbitration to raise an

–9–

affirmative defense to the enforcement of the otherwise valid arbitration provision. *See Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *4 (Tex. App.—Dallas Jan. 11, 2022, pet. filed) (mem. op.). In the absence of a valid defense, the trial court has no discretion—it must compel arbitration and stay its own proceedings. *Id.*

A motion to compel arbitration is initially presented to the trial court in a summary proceeding on the basis of affidavits, pleadings, discovery, and stipulations. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding); *GJ Partners, Ltd. v. Cima Contractors, LLC*, No. 05-18-01412-CV, 2020 WL 400180, at *3 (Tex. App.—Dallas Jan. 23, 2020, pet. denied) (mem. op.). The summary disposition of a motion to compel arbitration is governed by the same evidentiary standards as a motion for partial summary judgment. *See Tex. Health Res. v. Kruse*, No. 05-13-01754-CV, 2014 WL 3408636, at *6 (Tex. App.—Dallas July 11, 2014, pet. denied) (mem. op.).

A trial court, however, must forgo summary disposition and hold an evidentiary hearing on a motion to compel arbitration when there is a genuine question of material fact concerning the existence of an arbitration agreement. *See id.* Specifically, the Supreme Court of Texas has stated: "[I]f the material facts necessary to determine the issue [of whether to compel arbitration] are controverted, by an opposing affidavit or otherwise admissible evidence, [then] the trial court must

conduct an evidentiary hearing to determine the disputed material facts." *Jack B. Anglin, Co., Inc.*, 842 S.W.2d at 269. Thus, if

> a party seeking to compel arbitration provides competent, prima facie evidence of an arbitration agreement, and the party seeking to resist arbitration contests the agreement's existence and raises genuine issues of material fact by presenting affidavits or other such evidence as would generally be admissible in a summary proceeding, the trial court must forgo summary disposition and hold an evidentiary hearing.

*GJ Partners, Ltd.*, 2020 WL 400180, at *3; *see also Jack B. Anglin Co. Inc.*, 842 S.W.2d at 269.

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Wagner*, 627 S.W.3d at 283. Under this standard of review, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *Redi-Mix, LLC v. Martinez*, No. 05-17-01347-CV, 2018 WL 3569612, at *2 (Tex. App.—Dallas July 25, 2018, no pet.) (mem. op.). Whether disputed claims fall within the scope of an arbitration agreement is a question of law that we review de novo. *Wagner*, 627 S.W.3d at 283.

Where, as here, the trial court makes no written findings of fact or conclusions of law in support of its ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Redi-Mix, LLC*, 2018 WL 3569612, at *2. We affirm the ruling if it can be upheld on any legal theory supported by the evidence. *Id*. We reverse a trial court for abusing its discretion only when we determine the court acted in an unreasonable or arbitrary manner, meaning that it acted without reference to any guiding rules and principles. *Id*.

–11–

**B.** **The Trial Court Did Not Abuse Its Discretion by Denying Constant's Motion to Compel the Claims Against Him to Arbitration.**

We begin by addressing the first part of Constant's evidentiary burden: proof of a valid, enforceable arbitration agreement. In Constant's first two issues, he focus on whether the record establishes that he has a right to enforce an arbitration agreement as a nonsignatory to the Purported Agreements. We agree that part of a party's initial burden in proving the existence of a valid, enforceable arbitration agreement includes proving that the party seeking to enforce the arbitration agreement is a party to the agreement or has the right to enforce the agreement. *See VSR Fin. Servs., Inc.*, 409 S.W.3d at 827. But whether Constant may enforce an arbitration agreement is only part of his burden.

As appellees/relators point out, Constant was also required to put forth competent, prima facie evidence of the arbitration agreement itself. Constant does not discuss on appeal how he met this burden in the trial court. For the reasons discussed below, we conclude that he failed to meet this initial evidentiary burden.

**1.** **Constant's mere attachment of unauthenticated documents as exhibits to his motion, without more, constituted no evidence of a valid, enforceable arbitration agreement.**

Arbitration agreements are creatures of contract. *Ladymon v. Lewis*, No. 05-16-00776-CV, 2017 WL 3097652, at *4 (Tex. App.—Dallas July 21, 2017, no pet.) (mem. op.). When a party seeks to compel arbitration, the party must first establish its right to that contract remedy. *VSR Fin. Servs. Inc.*, 409 S.W.3d at 827. The burden of establishing an arbitration agreement's existence is generally evidentiary. *Id.* at

–12–

828. It is axiomatic that a party seeking to prove its right to enforce a contractual remedy of arbitration must submit competent, prima facie evidence of the arbitration agreement itself.

A party can satisfy its evidentiary burden to prove an arbitration agreement's existence by submitting authenticated copies of an agreement containing an arbitration clause. *Dish Network L.L.C. v. Alexander*, No. 13-20-00240-CV, 2021 WL 3085763, at *3 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.); *see also Heritage Numismatic Auctions, Inc. v. Stiel*, No. 05-16-00299-CV, 2016 WL 7321437, at *2 (Tex. App.—Dallas Dec. 16, 2016, no pet.) (mem. op.) ("Before documents may be used as evidence, they must be authenticated as genuine."). To satisfy the authentication requirement, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. TEX. R. EVID. 901(a). The testimony of a witness with knowledge is one way to prove authenticity. *Kyäni, Inc. v. HD Walz II Enters., Inc.*, No. 05-17-00486-CV, 2018 WL 3545072, at *4 (Tex. App.—Dallas July 24, 2018, no pet.) (mem. op.) (citing TEX. R. EVID. 901(b)(1)). Thus, in a summary proceeding, "[a] properly sworn affidavit stating that the attached documents are true and correct copies of the original authenticates the copies so they may be considered as evidence." *See id.* (citing *In re Estate of Guerrero*, 465 S.W.3d 693, 704 (Tex. App.—Houston [14th Dist.] 2015, pet. denied)).

Here, Constant attached exhibits containing arbitration provisions to his motion and supplemental motion, but he did not submit any affidavits from a witness to authenticate any of his exhibits. Simply attaching a document to a motion does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements. *See Gruber v. CACV of Colo., LLC*, No. 05-07-00379-CV, 2008 WL 867459, at *2 (Tex. App.—Dallas Apr. 2, 2008, no pet.) (mem. op.). We conclude that, as a matter of law, Constant's mere attachment of the Purported Agreements as exhibits to his motion and supplemental motion, without more, submitted no evidence of a valid arbitration agreement to the trial court.

### 2. A party seeking to avoid arbitration can raise the complete absence of authentication of a purported arbitration agreement for the first time on appeal.

The record does not show that appellees/relators objected to any of the Purported Agreements on the basis that they were not authenticated in the trial court.[4] But, as discussed below, appellees/relators were not required to preserve this objection in the trial court.

Appellees/relators assert on appeal that the trial court properly denied Constant's motion to compel arbitration because he failed to provide competent

---

[4] At oral argument, Constant's counsel represented that appellees/relators raised an objection to the exhibits attached to the motion and supplemental motion on the basis of lack of authentication at the November 2019 and June 2020 hearings. The transcript of the June 2020 hearing does not reflect any such objection. We have no record of the November 2019 hearing. Regardless, there is no ruling based on any such objection reflected in the record.

–14–

evidence of the existence of any agreement that mandates arbitration. They argue that the record is completely devoid of evidence that Constant authenticated the Purported Agreements.

The complete absence of authentication, as in this case, is a substantive defect that can be raised for the first time on appeal. *See Guerrero*, 465 S.W.3d at 706–08; *see also Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.) (stating in the summary-judgment context that "[a] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal"); *see also Caballero v. Rushmore Loan Mgmt. Servs. LLC*, No. 05-19-00298-CV, 2020 WL 1685418, at *7 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.) (stating that the complete absence of authenticating evidence is a substantive defect that can be raised for the first time on appeal but a complaint that evidence was not *properly* authenticated is a defect of form that must objected to and ruled on in the trial court).

Accordingly, we conclude that the complete absence of evidence authenticating the Purported Agreements that Constant attached as exhibits to his motion and supplemental motion supports the trial court's denying Constant's requests to compel the claims against him to arbitration.

### 3. Constant does not point to any other evidence that he relied upon in the trial court to meet his initial evidentiary burden.

In response to appellees'/relators' arguments, Constant does not direct this Court to any evidence that he contends authenticates any of the Purported

Agreements. Instead, he asserts two alternative reasons to explain how he met his evidentiary burden.[5]

First, Constant relies upon the absence of a record of the November 2019 hearing to fill the evidentiary gap.[6] He contends that at the November 2019 hearing, the trial court requested additional information relating to the scope of arbitration. Constant construes this request for additional information as an indication that the trial court had reached a determination that arbitration was proper as to the claims against CWM, but that the trial court was still determining whether arbitration was appropriate as to the claims against Constant. He then argues that because there is no record of the November 2019 hearing, that this Court "must imply that the [trial court] heard or had sufficient basis to the admission of the evidence or information to admit the evidence before it and cannot find that there was no other basis upon which the [trial court] admitted the document." [sic]

The crux of Constant's argument, as we understand it, is that because the trial court supposedly asked for additional information about the scope of arbitration at

---

[5] In his appellant's brief, Constant does not address how he met his burden to prove the existence of a valid arbitration agreement with respect to his submission of any evidence of the Purported Agreements themselves. He then did not file a reply brief to respond to appellees'/relators' argument in their appellees' brief that Constant offered no competent evidence of an arbitration agreement. After we consolidated this interlocutory appeal with the original proceeding, however, Constant, as a real party in interest, filed a response to the petition for writ of mandamus wherein he addressed a similar argument made by the relators in the original proceeding. We assume without deciding that we may consider the arguments that Constant made in the original proceeding in this interlocutory appeal.

[6] The trial court held two hearings relating to Constant's requests to compel arbitration: one in November 2019 and another in June 2020. Only the second hearing was transcribed. The transcript of the June 2020 hearing does not reflect that any live testimony or other exhibits were offered into evidence at that hearing, and Constant does not contend otherwise.

the November 2019 hearing, this Court should imply that (1) the November 2019 hearing was evidentiary and (2) the trial court heard or received evidence on the existence of an arbitration agreement at that hearing. This argument is contrary to Texas law and is not supported by the record.

A reporter's record is necessary only for evidentiary hearings. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005). "If all the evidence is filed with the clerk and only arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone." *Id.* We generally presume that pretrial hearings are nonevidentiary and that the trial court considered only the evidence filed with the clerk. *See id.* at 783. If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error. *Id.* Although a party may allege that a hearing was evidentiary, that allegation must be specific. *Id.* There "must be a specific indication that exhibits or testimony was presented in open court *beyond* that filed with the clerk." *Id.*

Here, Constant does not specifically allege that the November 2019 hearing was, in fact, evidentiary. Rather, he suggests that we should imply that the hearing was evidentiary just because the trial court purportedly requested additional information about the scope of arbitration. He cites no authority to support his position. *See* TEX. R. APP. P. 38.1(i).

Further, Constant does not point to anything in the record indicating that the November 2019 hearing was evidentiary. Nothing in the record indicates that exhibits were admitted into evidence or that any live testimony was presented at that hearing. The transcript of the June 2020 hearing does not reflect that any exhibits were admitted into evidence or that any live testimony was received at either hearing. The Arbitration Order does not refer to any evidence's having been admitted. And Constant's notice of the November 2019 hearing did not state that the hearing would be evidentiary. On this record, we conclude that Constant failed to overcome the presumption that the November 2019 hearing was nonevidentiary.

Even if the November 2019 hearing was evidentiary, that hearing was not transcribed. Thus, we would have to presume that the evidence taken at that hearing supported the trial court's ruling denying Constant's motion to compel arbitration. *See* TEX. R. APP. P. 44.1(a); *Gonzalez v. Wells Fargo Bank, NA*, No. 05-09-01322-CV, 2011 WL 1549558, at *1 (Tex. App.—Dallas Apr. 26, 2011, no pet.) (mem. op.).

Second, Constant states in a single sentence that appellees/relators "have also judicially admitted to entering into" the Purported Agreements.[7] Constant, however, does not support this assertion with citations to anything in the record or relevant authorities. *See* TEX. R. APP. P. 38.1(i).

---

[7] Constant makes this statement in his response to appellees'/relators' petition for writ of mandamus.

Regardless, neither Constant's motion nor supplemental motion took the positon that appellees/relators had judicially admitted entering into any of the Purported Agreements. Although Constant's supplemental motion referred to various allegations made in appellees'/relators' original petition, those allegations related to his arguments concerning the scope of arbitration. Thus, Constant did not rely upon any judicial admissions made by appellees/relators to authenticate the Purported Agreements when he moved to compel the claims against him to arbitration.

Even assuming Constant could rely upon judicial admissions for the first time on appeal, he does not direct us to any relevant admissions in the record. "A judicial admission must be a clear, deliberate, and unequivocal statement." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). It "occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary." *Id.* Here, in the "statement of facts" section of his appellant's brief, Constant cites pages from appellees'/relators' original petition and states that (1) Henrikson "verifie[d] and judicially admit[ted] that he transferred his account to [Constant] and CWM for management and investment purposes" and (2) Shapiro "judicially admit[ted] that [Constant] and CWM served as the wealth manager and financial adviser for [Shapiro]." But even assuming Henrikson and Shapiro had admitted in their pleadings that they were customers of Constant and CWM, Constant does not

explain how these admissions authenticated any of the Purported Agreements. *See id.*

**C.    Conclusion**

We conclude that, as a matter of law, Constant's attachment of unauthenticated exhibits to his motion and supplemental motion to compel arbitration, without more, was insufficient to meet his initial evidentiary burden to prove the existence of an arbitration agreement. Thus, the presumption in favor of arbitration never arose, and the burden never shifted to appellees/relators to create a genuine issue of material fact on the existence of an arbitration agreement or to raise an affirmative defense to the enforcement of an otherwise valid arbitration provision.

Accordingly, the trial court did not abuse its discretion by denying the portion of the motion and supplemental motion asking the trial court to compel the claims against Constant to arbitration. Because the absence of any competent evidence of an arbitration agreement supports the trial court's ruling, we do not reach the questions of whether the record establishes that Constant may enforce any purported arbitration agreement as a nonsignatory or whether appellees'/relators' disputes with Constant fall within the scope of any purported arbitration agreement. *See* TEX. R. APP. P. 44.1(a), 47.4. We overrule Constant's first and second issues.

**ORIGINAL PROCEEDING**

In their petition for writ of mandamus, appellees/relators Gillespie, Henrikson, and Shapiro challenge (1) the portion of the Arbitration Order

–20–

compelling Henrikson's and Shapiro's disputes with real party in interest CWM to arbitration and (2) various discovery rulings made in an order dated August 6, 2020 (the Discovery Order). Per our request, real parties in interest Constant and CWM filed a response to the petition.

Entitlement to mandamus relief requires appellees/relators to show that the trial court has clearly abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing the petition, appendix, response, and reply, we conclude the following: (1) with respect to the Arbitration Order, appellees/relators have failed to show that they lack an adequate remedy by appeal and (2) with respect to the Discovery Order, appellees/relators have failed to demonstrate a clear abuse of discretion. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

## CONCLUSION

Having overruled all three of Constant's issues on appeal, we affirm the portion of the Arbitration Order that denies Constant's request to compel the claims against him to arbitration.

We deny the petition for writ of mandamus. TEX. R. APP. P. 52.8(a).

Appellees/relators also request that this Court abate all proceedings in the trial court as well as in the interlocutory appeal until a ruling can be had on their petition

for writ of mandamus. That request is denied as moot.

/Leslie Osborne/

LESLIE OSBORNE

JUSTICE

200734f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES RILEY CONSTANT,
Appellant

No. 05-20-00734-CV        V.

GEORGE GILLESPIE, PETER
HENRICKSON, AND IRA
SHAPIRO, TRUSTEE, IRA
SHAPIRO FAMILY TRUST (2012),
Appellees

and

IN RE GEORGE GILLESPIE,
PETER HENRICKSON, AND IRA
SHAPIRO, TRUSTEE, IRA
SHAPIRO FAMILY TRUST (2012),
Relators

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-09846.
Opinion delivered by Justice
Osborne. Justices Myers and Carlyle
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the portion of the trial court's August 6, 2020 "Order Regarding Defendant Constants' Motion to Compel Arbitration, Plaintiffs' Special Exception and Staying/Abating the Proceedings" that denies Charles Riley Constant's motion to compel arbitration as to the dispute, claims, and causes of action by and between (1) George Gillespie and Charles Riley Constant, (2) Peter Henrikson and Charles Riley Constant, and (3) Ira Shapiro, Trustee, Ira Shapiro Family Trust (2012) and Charles Riley Constant.

It is **ORDERED** that appellees GEORGE GILLESPIE, PETER HENRICKSON, and IRA SHAPIRO, TRUSTEE IRA SHAPIRO FAMILY

TRUST (2012) recover their costs of this appeal from appellant CHARLES RILEY CONSTANT.

Judgment entered this 6th day of May, 2022.